UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEGAN REICHERT, on behalf of
himself and those similarly
situated,

CASE NO.:

       Plaintiff,

vs.

HOOVER FOODS, INC., a
Georgia Corporation,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEGAN REICHERT, by and through the undersigned attorney, sues the Defendant, HOOVER FOODS, INC., a Georgia Corporation, and alleges:

1.    Plaintiff brings this action on behalf of himself and all other similarly situated assistant managers who worked for Defendant at their Wendy's locations throughout the Southeastern United States. For years Defendant has classified these employees as exempt from overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and paid them no extra overtime compensation for the numerous overtime hours worked

by them.   As further explained below, Defendant categorically misclassified these employees as exempt when they should have been classified as non-exempt employees.   As such, Plaintiff and these similarly situated employees are entitled to years' worth of overtime compensation, liquidated damages, and other relief under the FLSA.

<u>GENERAL ALLEGATIONS</u>

2.     Plaintiff worked for Defendant from approximately January 2015 to 2016 as an assistant manager.

3.     Plaintiff worked for Defendant at its Wendy's location in Alpharetta, Georgia.

4.     Defendant is a Georgia Corporation that operates numerous Wendy's franchises throughout the Southeastern United States, including in Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

5.     Based on information and belief, Defendant at times establishes a new corporate subsidiary name for a Wendy's location it operates.

6.     However, all human resources, central accounting and other central functions are operated by Defendant out of its headquarters in the greater Atlanta area.

7.     Defendant employed all assistant managers, including Plaintiff, at

each of its subsidiaries which operated a Wendy's under Defendant's purview.

8.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every assistant manager who was classified as exempt and who worked for Defendant at any time within the past three (3) years.

9.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10.     During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

11.     During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

12.     Included in such goods, materials and supplies were computers, cash registers, telephones, restaurant equipment, marketing materials, food, drink, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13.     Therefore, Defendant is considered an enterprise covered by the

FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

14.   At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff and all other similarly situated employees as exempt from overtime.

15.   During their employment with Defendant, these employees, including Plaintiff, worked numerous overtime hours for Defendant.

16.   Even though Plaintiff and these similarly situated employees worked overtime hours, they were not paid any additional compensation in addition to their weekly salary by Defendant.

17.   However, these employees should not have been classified as exempt for several reasons.

18.   First, even though these employees were called "managers,"[1] they had no ability to hire or fire employees, were not involved in interviewing or other aspects of firing/hiring.

19.   Additionally, Defendant failed to pay its assistant managers on a salary basis because Defendant had no sick policy available for its employees and would dock their pay for any such absences.  *See* 29 C.F.R. § 541.602(b)(2).

---

[1] Under the FLSA, job titles are insufficient to establish whether an employee is exempt or not.  *See* 29 C.F.R. § 541.2.

20.    As such, Defendant cannot meet its burden to prove that these employees are exempt from overtime compensation under the FLSA.

21.    The additional persons who may become plaintiffs in this action are employees who held positions similarly to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22.    Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

23.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24.    During their employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours but did not receive overtime compensation for such hours worked.

25.    Plaintiff and those similarly situated employees were misclassified as exempt employees by Defendant. *See* ¶¶ 14-20.

26.    Defendant did not have a good faith basis for its decision to classify Plaintiff and other similarly situated employees as exempt from overtime compensation.

27.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

28.    As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

29.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEGAN REICHERT, on behalf of himself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13th day of December, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*