IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEGAN REICHERT, on behalf of   )
himself and those similarly situated,  )
                                 )
      Plaintiff.              )
                                 )
v.                           )  CIVIL CASE NO. 1:16-cv-4575-WSD
                                 )
HOOVER FOODS, INC.,         )
a Georgia Corporation,        )
                                 )
      Defendant.         )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

    (a)     Describe briefly the nature of this action.

    **Plaintiff filed this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and claims he was improperly classified as an exempt employee of Defendant. Plaintiff filed this lawsuit on behalf of himself and as a potential collective action on behalf of other individuals he contends were similarly situated as employees of Defendant.**

    (b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Defendant Hoover Foods, Inc. is a Georgia Corporation that operates Wendy's franchises.  Plaintiff was employed by Defendant from approximately January 2015 to 2016 as an assistant manager at its Wendy's franchises. Plaintiff contends he was improperly classified as an exempt employee of Defendant under the FLSA.  Plaintiff contends he is entitled to the recovery of overtime compensation, reasonable attorneys' fees and costs, and liquidated damages.  Defendant denies Plaintiff's allegations.**

(c)    The legal issues to be tried are as follows:

**Classification of Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b); potential collective certification; Defendant's good faith defense under 29 U.S.C. § 260; and alleged damages.**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:  **None.**

(2)    Previously Adjudicated Related Cases:  **Love v. Hoover Foods, Inc. et al, Case No. 3:15-cv-1269 (M.D. Fla.).**

2.    **This case is complex because it possesses one or more of the features listed below (please check):**

___x___ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

___x___ (4) Greater than normal volume of evidence

___x___ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

This case is not complex; however, should a class be sought by Plaintiff on behalf of others and permitted by the Court, additional discovery may be necessary.

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**    **C. Ryan Morgan**
                  **Georgia Bar No.  711884**
                  **Morgan & Morgan, P.A.**
                  **20 N. Orange Avenue – Suite 1600**
                  **Orlando, FL  32801**

**Defendant:  Stephen L. Cotter**
**Georgia State Bar No. 189725**
**Maren R. Cave**
**Georgia State Bar No. 278448**
**Daniel J. Kingsley**
**Georgia State Bar No. 541547**
**Swift, Currie, McGhee & Hiers, LLP**
**The Peachtree, Suite 300**
**1355 Peachtree Street, NE**
**Atlanta, GA  30309**

**4.  Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_ Yes  _X_  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties To This Action:**

(a)  The following persons are necessary parties who have not been joined:

**None at this time.**

(b)  The following persons are improperly joined as parties:

**None.**

-4-

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments To The Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None at this time.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.  All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions:*  within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony:  Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE:  Your initial disclosures should include electronically stored information.   Refer to Fed. R. Civ.P. 26(a)(1)(B).

**None at this time.  The Parties will serve Initial Disclosures on March 17, 2017.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

**Not at this time.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The primary subjects on which discovery may be needed are Plaintiff's employment with Defendant; any liability by Defendant under the FLSA, and damages.  The parties also reference and incorporate the issues outlined in Section 1(c) as potential discovery subjects.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None at this time.**

(b)    Is any party seeking discovery of electronically stored information?

__X__ **Yes**                                  _____**No**

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: **Plaintiff anticipates propounding requests for the production of documents to Defendants, responsive documents of which may be kept in electronic form.  To the extent there is electronically stored information pertinent to this case, it will be produced in response to written discovery in its original form, if readily available.**

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: **The parties will produce electronic data in original form, if available, during the ordinary course of written discovery.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None at this time.**

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **February 22, 2017**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**:

Lead counsel (signature):    /s/ *__C. Ryan Morgan__*

Other participants:          None.

**For Defendant:**

Lead counsel (signature)*:* /s/ *__Maren E. Cave__*

Other participants:         /s/ **_Daniel J. Kingsley_**

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____)      A possibility of settlement before discovery.
(__X__)      A possibility of settlement after discovery.
(_____)      A possibility of settlement, but a conference with the judge is
                 needed.
(_____)      No possibility of settlement.

(c)   Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not been set.

(d)   The following specific problems have created a hindrance to settlement of this case.

**None specifically at this time, as discovery is just beginning.**

**14.   Trial by Magistrate Judge:**

Note:   Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)      The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)      The parties (__X__) do not consent to having this case tried before a Magistrate Judge of this Court.

| | |
|---|---|
| */s/ C. Ryan Morgan* | /s/  *Maren R. Cave* |
| C. Ryan Morgan | Maren R. Cave |
| (with express permission by Daniel J. Kingsley) | Georgia Bar No. 278448 |
| Georgia Bar No. 711884 | Stephen L. Cotter |
| Counsel for Plaintiff | Georgia Bar No. 189725 |
| | Daniel J. Kingsley |
| | Georgia Bar No. 541547 |
| | Counsel for Defendant Hoover Foods, Inc. |
| | |
| Morgan & Morgan, P.A. | Swift Currie McGhee & Hiers |
| 20 N. Orange Avenue | 1355 Peachtree Street, NE |
| Suite 1600 | Suite 300 |
| Orlando, FL  32801 | Atlanta, GA 30309 |
| (407) 420-1414 Telephone | (404) 874-8800 Telephone |
| (407) 245-3401 Facsimile | (404) 888-6199 Facsimile |
| rmorgan@forthepeople.com | stephen.cotter@swiftcurrie.com |
| | maren.cave@swiftcurrie.com |
| | dan.kingsley@swiftcurrie.com |

-11-

**********

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

_____

_____

IT IS SO ORDERED, this _____day of March, 2017.

_____

UNITED STATES DISTRICT JUDGE

-12-

3305936v.1