IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEGAN REICHERT, on behalf of himself and those similarly situated,

Plaintiff,

v.

HOOVER FOODS, INC., a Georgia Corporation,

Defendant.

1:16-cv-4575-WSD

## OPINION AND ORDER

This matter is before the Court on a discovery dispute between Plaintiff Kegan Reichert ("Reichert") and Defendant Hoover Foods, Inc. ("Hoover").

## I. BACKGROUND

On December 13, 2016, Reichert filed his Complaint [1] "on behalf of himself and all other similarly situated assistant managers who worked for Defendant at their Wendy's locations throughout the Southeastern United States." (Compl. ¶ 1). Reichert asserts claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), and seeks liquidated damages and attorney's fees.

Reichert, during discovery, sought production of a settlement agreement between four companies, including Hoover, and two FLSA plaintiffs in a case

styled <u>Love et al. v. Hoover Foods, Inc. et al.</u>, No. 3:15-cv-1269 (M.D. Fla.) ("<u>Love</u>").  Hoover refused to produce the settlement agreement on grounds that it is not relevant to this action.  On July 20, 2017, the Court held a teleconference with the parties to discuss their discovery dispute.  Hoover, at the Court's request, submitted the settlement agreement to the Court for its *in camera* inspection.

## II. DISCUSSION

### A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) states the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  "The party seeking discovery has the threshold burden of demonstrating that the discovery requested is relevant."  <u>Bldg. Materials Corp. of Am. v. Henkel Corp.</u>, No. 6:15-cv-548, 2016 WL 7734066, at *1 (M.D. Fla. Aug. 26, 2016); <u>see</u> <u>Smith v. Pefanis</u>, No. 1:08-cv-1042, 2008 WL 11333335, at *4 (N.D. Ga. Oct. 30, 2008)

("When relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request.").[1]

B.   Analysis

Reichert seeks discovery of Hoover's settlement agreement in Love.  On October 23, 2015, the Love plaintiffs—both assistant managers at Wendy's—filed a FLSA action in the Middle District of Florida, asserting minimum wage and overtime claims against Hoover and three other defendants.  Plaintiffs sought liquidated damages for their allegedly unpaid overtime and minimum wages.  On February 3, 2017, the parties filed a stipulation of dismissal, dismissing plaintiffs' FLSA claims without prejudice.  The stipulation of dismissal stated:

> [T]he Parties have stipulated and certified that Plaintiffs' FLSA claims have been paid in full and have not been compromised.  The Parties carefully determined the amount of alleged overtime worked by Plaintiffs Love and Staffa and the full amount of back wages allegedly owed to Plaintiffs Love and Staffa.  The settlement entered into amongst the Parties provides for the full and complete payment of

---

[1]   "The Eleventh Circuit has not directly addressed the issue of whether settlement agreements are discoverable." Virtual Studios, Inc. v. Royalty Carpet Mills, Inc., No. 4:12-cv-0077, 2013 WL 12090122, at *4 (N.D. Ga. Dec. 23, 2013).

3

>all back wages allegedly owed to Plaintiffs Love and Staffa, as well as liquidated damages in an amount equal to each Plaintiff's respective back wages.

Love, Doc. 65, at 1-2.  The settlement agreement in Love was not filed on the docket or publicly disclosed.

Reichert argues that the settlement agreement is relevant because it would show (1) whether Hoover paid overtime compensation and liquidated damages, (2) whether the settlement amounts were calculated on the basis of a two- or three-year statute of limitations, and (3) whether Hoover knowingly violated FLSA in this case.  The information sought in (1) already is available from documents publicly filed in Love.  The stipulation of dismissal states that Hoover paid plaintiffs' FLSA claims "in full," including their claims for overtime compensation and liquidated damages.  Love, Doc. 65, at 1-2.  The information sought in (2) is not ascertainable from the settlement agreement.  The settlement agreement also does not show whether Hoover knowingly violated FLSA in this case.  The settlement agreement provided for "full and complete payment of all back wages *allegedly* owed to [the Love] Plaintiffs."  Love, Doc. 65, at 2 (emphasis added).  Hoover did not concede any liability, and represented only that plaintiffs' claims

4

had been paid "in full," for amounts not less than FLSA required.[2] Hoover and its co-defendants , to settle the case and avoid protracted litigation, could have paid plaintiffs more than FLSA required. That the settlement involved three additional defendants, who are not parties in this action, underscores that the agreement is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The settlement agreement is not required to be produced.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Hoover Foods, Inc. is not required to produce the FLSA settlement agreement entered into by the parties in <u>Love et al. v. Hoover Foods, Inc. et al.</u>, No. 3:15-cv-1269 (M.D. Fla.).

**SO ORDERED** this 25th day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2]   The <u>Love</u> settlement agreement includes a "no admission of liability" provision.